CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 17 2022
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| RENEE R.,[1] | ) |
|    Plaintiff, | ) |
| v. | ) Civil Action No. 4:21-cv-00023 |
| KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration, | ) By: Elizabeth K. Dillon<br>)     United States District Judge |
|    Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Renee R. brought this action for review of the final decision made by defendant, Commissioner of the Social Security Administration, denying her application for disability insurance benefits under the Social Security Act. (Complaint, Dkt. No. 2.) Plaintiff and the Commissioner moved for summary judgment (Dkt. Nos. 16, 21), and pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred the motion to U.S. Magistrate Judge Robert S. Ballou for a report and recommendation (R&R). On July 25, 2022, the magistrate judge issued his R&R, finding that substantial evidence supported the Commissioner's decision. (R&R, Dkt. No. 23.) Plaintiff filed objections on August 8, 2022. (Dkt. No. 24.)

After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with the applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant the Commissioner's motion for summary

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

judgment, deny plaintiff's motion for summary judgment, and affirm the Commissioner's decision.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (R&R 2–7.) Briefly, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairments of heel spurs, plantar fasciitis, diabetes, peripheral neuropathy, obesity, traumatic brain injury, depression, anxiety, attention deficit disorder, and personality disorder. (Tr. 19.) The ALJ determined that these impairments, either individually or in combination, did not meet or equal a listed impairment, such as listing 1.02 (major joint dysfunction), 9.00 (endocrine disorders), 11.14 (peripheral neuropathy), 11.18 (traumatic brain injury), 12.02 (neurocognitive disorders), 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), 12.08 (personality and impulse-control disorders), and 12.11 (neurodevelopment disorders). The ALJ considered obesity, as required by SSR 19-2p, and found that plaintiff's mental impairments resulted in moderate limitations in understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace, and a mild limitation in adapting or managing oneself. (Tr. 21.)

The ALJ concluded that plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work. Plaintiff can only occasionally crawl, climb ladders, ropes or scaffolds, and be exposed to vibrations and hazardous conditions, including unprotected heights and moving machinery. She can frequently balance, stoop, crouch, climb ramps or stairs, and operate foot controls with the bilateral lower extremities. She can perform simple, routine tasks in low stress work, defined as few workplace changes, with occasional interaction with the general public and coworkers. (Tr. 22.)

The ALJ determined that plaintiff could not perform her past relevant work as a mental health technician and supervisory group home composite job (mental health technician, residential supervisor, and family counselor), but she could perform jobs that exist in significant numbers in the national economy, such as cleaner, sorter, and inspector. Thus, the ALJ determined that plaintiff was not disabled at any time from the alleged onset date of November 14, 2013, through December 31, 2014, the date last insured.

## II.  DISCUSSION

**A.  Standard of Review**

This court's review of the ALJ's underlying decision is limited. *See Gregory H. v. Saul*, Civil Action No. 7:18-cv-00342, 2019 WL 4280334, at *1 (W.D. Va. Sept. 10, 2019). Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*,

447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

**B. Renee R.'s Objections to the R&R**

In her summary judgment brief, plaintiff argued that the ALJ improperly evaluated her mental impairments under SSR 96-8p, that the ALJ's RFC findings are not supported by substantial evidence, and that the ALJ's assessment of plaintiff's allegations is not supported by substantial evidence. (*See* Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 17.) In many if not most respects, plaintiff's objections to the R&R are a restatement of her summary judgment arguments. "As the court has stated on many occasions, it is not necessary for the court to address the exact same arguments raised before and thoroughly addressed by the magistrate judge . . . . Objections to the magistrate judge's R&R should be focused on errors in analysis by the magistrate judge." *Courtney T. v. Kijakazi*, Civil Action No. 7:21-cv-00024, 2022 WL 885767, at *2 (W.D. Va. Mar. 25, 2022). The court will, however, address the following objections.

Plaintiff argues that the R&R erred in finding that the ALJ properly addressed the opinion of Jodi Judge, a Brain Injury Case Manager. Ms. Judge opined that plaintiff's traumatic brain injury affected her short-term memory, focus, and concentration. Plaintiff argues that the R&R failed to acknowledge that the ALJ ignored Judge's first-hand observations, stating instead that Judge's opinion is based on plaintiff's subjective reports without citations to evidence in the record. But as the ALJ noted, Judge was unable to provide certain responses on the function report because she was not with plaintiff during the day. (Tr. 28.) Thus, the ALJ did not ignore Judge's observations; the ALJ merely noted that Judge's report was incomplete due to her limited in-person observation.

Plaintiff also argues that the magistrate judge ignored the ALJ's failure to qualify the activities that she performed. *See Arakas v. Comm'r*, 983 F.3d 83, 101 (4th Cir. 2020) ("If Arakas's qualifying statements are properly considered, it becomes clear that she could perform only minimal daily activities that in no way suggested any ability to engage in full-time work on a sustained basis."). Unlike in *Arakas*, it is not clear to the court, much less the ALJ, that plaintiff could perform only minimal daily activities. The ALJ explained that the medical records did not support plaintiff's statements about the severity of her symptoms, such as the fact that there were no objective spine findings. (Tr. 26 ("She had essentially no objective spine findings except for some tenderness, and despite her testimony regarding her ability to stand, the records show normal gait").) Additionally, the record showed that plaintiff's activities were more extensive than she suggested. (Tr. 27 ("The claimant testified that she would only drive somewhat, or a little bit, but the record indicates that she continued to drive, even long distances, such as to Roanoke, Northern Virginia, and South Carolina"); *id.* ("She also cared for her grandchildren at times, bringing her grandson to visits with her case manager, among other tasks, and although she did stop caring for them for a period beginning in April 2014, she resumed care thereafter").) Finally, there was evidence that undermined plaintiff's credibility. (Tr. 27 ("[I]n the emergency room after a motor vehicle accident, the physician noted that she initially 'walked normally while crying, but when the interview began she started to wince and favor her right side'").)

The court finds that the ALJ's denial of disability benefits is supported by substantial evidence in the record.

### III. CONCLUSION AND ORDER

After a review of plaintiff's objections and the record, the court concludes that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, it is hereby ORDERED as follows:

1. The R&R (Dkt. No. 23) is ADOPTED;
2. Plaintiff's objections (Dkt. No. 24) are OVERRULED;
3. The Commissioner's motion for summary judgment (Dkt. No. 21) is GRANTED;
4. Plaintiff's motion for summary judgment (Dkt. No. 16) is DENIED; and
5. The Commissioner's decision is AFFIRMED.

An appropriate judgment order will be entered.

Entered: August 16, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge